NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000054
16-MAR-2018
08:14 AM

NO. CAAP-17-0000054

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEVEN E. YOUNG, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-0506)

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting, C.J., and Leonard and Reifurth, JJ.)

This case arises from a traffic stop conducted on March 30, 2016, involving Defendant-Appellant Steven E. Young. During the stop, Young was arrested on an outstanding warrant unrelated to the instant offenses. Before transporting Young to the police station, Honolulu Police Department ("HPD") officers allowed Young to make a telephone call and to move items from the front compartment of his moped into the locked compartment under the moped's seat ("seat compartment").

While Young was moving the items into the seat compartment, HPD Officer Daniel Farley observed through a prescription bottle what he believed were "transparent pipes with a bulbous end on each of them and a packet [of what] -- based on [his] training and experience led [him] to believe [] was crystal methamphetamine." HPD Officer Alan Brissette likewise saw what he said "appeared to be glass pipes, a ziplock bag containing a crystal substance, and what appeared to be a small magnifying glass all within a pill container, amber-colored pill container." HPD Criminalist Dawn Nakamura subsequently tested the crystal substance in Young's ziplock bag and determined that it was

methamphetamine.

On March 31, 2016, the State charged Young, by Felony Information, with one count of Promoting a Dangerous Drug in the Third Degree and one count of Unlawful Use of Drug Paraphernalia under Cr. No. 16-1-0506. On May 3, 2016, Young filed a Motion to Suppress Evidence and Statement ("Motion to Suppress") in which he moved to suppress the prescription bottle and its contents. The Circuit Court of the First Circuit ("Circuit Court")[1] denied the motion.

Young was convicted by a jury of one count of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes ("HRS") section 712-1243 (2014),[2] and one count of Unlawful Use of Drug Paraphernalia, in violation of HRS section 329-43.5(a) (2010).[3] Young appeals from the December 1, 2016 Judgment of Conviction and Probation Sentence entered by the Circuit Court in which he was sentenced to four years of probation in Hawaiʻi's Opportunity Probation with Enforcement program ("HOPE Probation") and one year of incarceration as a special condition of probation.

On appeal, Young contends that the Circuit Court (1)

---

[1]    The Honorable Shirley M. Kawamura presided.

[2]    The statute provides:

> (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.
>
> (2) Promoting a dangerous drug in the third degree is a class C felony.

Haw. Rev. Stat. §712-1243.

[3]    The statute provides, in relevant part,

> [I]t is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 and, if appropriate as provided in section 706-641, fined pursuant to section 706-640.

Haw. Rev. Stat. § 329-43.5(a).

2

erred in allowing the warrant into evidence, (2) abused its discretion in sentencing him to one-year jail as a special condition of probation and in ordering him to partake in sex offender treatment, and (3) incorrectly denied his Motion to Suppress.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Young's points of error as follows and affirm.

(1) Despite Young's characterization of the point of error, because Young offers no evidence that the underlying warrant was admitted into evidence, we understand his first point of error on appeal to contend that the Circuit Court erred in allowing the arresting officer to refer in his testimony to the warrant as the basis for Young's arrest because it constituted evidence of other crimes, was more prejudicial than probative, and violated *State v. Pinero*, 70 Haw. 509, 778 P.2d 704 (1989) and *State v. Pemberton*, 71 Haw. 466, 796 P.2d 80 (1990).

Hawai'i Rules of Evidence ("HRE") Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Haw. R. Evid. 403. HRE Rule 404(b) provides that evidence of other crimes, wrongs, or acts may be admissible "where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident." Haw. R. Evid. 404(b).

The dispositive issue is whether the probative value of the testimony regarding Young's outstanding warrant is substantially outweighed by the danger of unfair prejudice to Young. In weighing the probative value of the evidence against the possible prejudicial effect, this court has considered

the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jurty to overmastering hostility.

*State v. Hilario*, 139 Hawai'i 546, 557-58, 394 P.3d 776, 787-88 (App. 2017) (quoting *State v. Behrendt*, 124 Hawai'i 90, 106, 237 P.3d 1156, 1172 (2010) (citation omitted). The trial court's balancing of the probative value versus the danger of unfair prejudice is reviewed for abuse of discretion. *Hilario*, 139 Hawai'i at 558, 394 P.3d at 788 (citing *State v. Richie*, 88 Hawai'i 19, 37, 960 P.2d 1227, 1245 (1998)).

Young's outstanding warrant was relevant because it provided context as to why Young was arrested in the first place and subsequently why Young moved the items in question into the seat compartment. Without mentioning Young's outstanding warrant, there is no context as to why Young was arrested after a simple traffic stop. Therefore, the warrant was relevant and admissible under HRE Rule 402.[4]

Furthermore, the Circuit Court promptly gave the jury a limiting instruction on the purpose for which the jury could consider Young's outstanding warrant:

> THE COURT: Ladies and gentlemen, you have heard evidence that the defendant, Steven Young, may have had an outstanding warrant. This evidence, if believed by you, is offered for the limited purpose of explaining the reason why defendant may have been initially arrested by the police.
>
> Do not consider this evidence for any other purpose. You must not speculate as to the nature of the warrant, if any. You must not use this evidence to conclude that because the defendant may have been arrested on an outstanding warrant, that he is a person of bad character and therefore must have committed the offenses charged in this case.
>
> In considering the evidence for the limited purpose for which it has been received, you must weigh it in the same manner as you would all other evidence in this case and consider it along with all other evidence in this case. Thank you.

"'[J]uries are presumed to . . . follow all of the trial court's

---

[4]    This rule establishes that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible." Haw. R. Evid. 402.

instructions[,]'" which includes curative instructions. *State v. Knight*, 80 Hawai'i 318, 327, 909 P.2d 1133, 1142 (1996) (ellipses in original) (citing *Sato v. Tawata*, 79 Hawai'i 14, 21, 897 P.2d 941, 948 (1995)) (rejecting defendant's claim of prosecutorial misconduct because the trial court promptly instructed the jury to disregard the prosecution's improper question and the corresponding answer of the witness).

The discussion with regard to Young's warrant during trial was explicitly limited to the purpose of "explaining the reason why defendant may have been initially arrested by the police[,]" and did not reveal the underlying basis for the warrant.[5] Accordingly, it is unlikely that the jury was distracted, *see* Haw. R. Evid. 404 cmt., or that the evidence "rouse[d] the jury to overmastering hostility." *Hilario*, 139 Hawai'i at 557, 394 P.3d at 787 (citing *Behrendt*, 124 Hawai'i at 106, 237 P.3d at 1172). Therefore, the Circuit Court did not abuse its discretion in concluding that the probative value of providing context for Young's initial arrest was substantially outweighed by unfair prejudice. *Cf.*, *Pinero*, 70 Haw. at 513-18, 778 P.2d at 708-11 (holding that the trial court abused its discretion in admitting evidence about a prior similar situation where defendant was discovered hiding in a closet and lunged toward the officer, trying to grab the officer's gun, *because the probative value of the evidence was not great*); *Pemberton*, 71 Haw. at 470-73, 796 P.2d at 82-83 (holding that impeachment testimony that defendant attacked another person on another occasion using a different knife was not relevant for impeachment purposes and was not relevant for any permissible purpose under HRE Rule 404(b) and could only prejudice defendant by demonstrating his propensity towards provoking knife fights).

---

[5] The extent of the discussion on the outstanding warrant was as follows:

> Q (by the State) Did you receive information that defendant was to be arrested on an outstanding warrant?
>
> A (by Officer Brissette) I did.

The Circuit Court immediately gave its limiting instruction. Officer Brissette was then asked whether he was on scene when Young was informed of the impending arrest for that warrant and he answered in the affirmative.

Therefore, the Circuit Court did not abuse its discretion in allowing testimony that Young was arrested on an outstanding warrant.

(2) Young's second point of error on appeal contends that the Circuit Court abused its discretion in sentencing Young to one-year in jail as a special term and condition of probation because Young was being sentenced to HOPE Probation which "already addresses a progressive sanction type method" and therefore prejudices Young.[6]   In sum, Young argues that when taking into consideration the sentencing factors enunciated under HRS section 706-606, the Circuit Court should have sentenced him to four years of HOPE Probation rather than the one-year term of incarceration and four years HOPE Probation "based upon the unique facts of this case."

HRS section 706-606 (2014) provides factors to be considered in imposing a sentence.  Under this statute, "[t]he court, in determining the particular sentence to be imposed, shall consider: . . . [t]he kinds of sentences available[.]" Haw. Rev. Stat. § 706-606(3).  The kinds of sentences available in this case include "probation as authorized by part II [of HRS Chapter 706]" and "imprison[ment] for a term as authorized by part IV [of HRS chapter 706.]"  Haw. Rev. Stat. § 706-605(a), (c) (2014).  The court, however "shall not sentence defendant to probation *and* imprisonment except as authorized by part II [of HRS chapter 706]."  Haw. Rev. Stat. § 706-605(2) (emphasis added).

Part II of HRS chapter 706 specifically addresses probation.  Accordingly, when the court has sentenced a defendant to probation, the period of probation shall be "[f]ive years upon conviction of a class B or class C felony under part II, V, or VI of chapter 707, chapter 709, and part I of chapter 712 and four years upon conviction of any other class B or C felony[.]" Haw. Rev. Stat. § 706-623(1)(b) (2014).  In exercising its discretion,

_____

[6]   Young additionally argues that the Circuit Court erred in ordering Young to partake in sex offender treatment because Young was not convicted of a new sex crime, but rather, failed to report for previous sex crimes.  This argument is outside the scope of this appeal, however, as the judgment from which this appeal is taken does not order sex offender treatment.

> [t]he court may provide, as further conditions of a sentence of probation, to the extent that the conditions are reasonably related to the factors set forth in section 706-606 and to the extent that the conditions involve only deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706-606(2), that the defendant:
>
> (a)  Serve a term of imprisonment to be determined by the court at sentencing . . . not exceeding one year in class C felony cases[.]

Haw. Rev. Stat. 706-624(2)(a) (2014).

In *State v. Sumera*, a misdemeanor case, the supreme court, looking to HRS section 706-624, stated that "where the sentencing court decides to combine probation *and* imprisonment in a sentence, it may do so if imprisonment is made a *condition* of the sentence of probation rather than a separate sentence, and only up to a maximum period of six months in the case of a misdemeanor." 97 Hawaiʻi 430, 435, 39 P.3d 557, 562 (2002). Under *Sumera*, the Circuit Court was therefore allowed to combine probation and imprisonment in Young's sentence as long as imprisonment was made a condition of the probation sentence rather than a separate sentence and as long as the maximum period of imprisonment was one year in the case of Young's class C felonies. *See* Haw. Rev. Stat. § 706-624(2)(a); *Sumera*, 97 Hawaiʻi at 435, 39 P.3d at 562.

Here, the Circuit Court sentenced Young to a four-year term of probation, in accord with the maximum probationary period for a class C felony pursuant to HRS section 706-623(1)(b), and a one-year term of imprisonment as a special condition of probation, in accord with the maximum imprisonment period for a class C felony pursuant to HRS section 706-624(2)(a) and in accord with the guidelines set forth in *Sumera*. As such, the Circuit Court did not abuse its discretion in sentencing Young.

(3) Young's third point of error on appeal is that the Circuit Court incorrectly denied his Motion to Suppress because Officer Brisette allegedly could not see inside the prescription bottle and because the bottle was inside the closed seat compartment at the time Officer Curtis Davis demanded access to

the bottle without a warrant.[7] The issue with regard to this point of error is whether the plain view doctrine is satisfied in this case. The dispositive factor in the analysis is the credibility of the State's witnesses.

"'[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact].'" *State v. Mattiello*, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (alteration in original) (quoting *State v. Stocker*, 90 Hawai'i 85, 90, 976 P.2d 399, 404 (1999)). "'The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence.'" *State v. Gaston*, 108 Hawai'i 308, 311, 119 P.3d 616, 619 (App. 2005) (quoting *State v. Mitchell*, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000)).

> Appellate review of factual determinations made by the trial court deciding pretrial motions in a criminal case is governed by the clearly erroneous standard. A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is left with a definite and firm conviction that a mistake has been made. The circuit court's conclusions of law are reviewed under the right/wrong standard. . . .

*State v. Ramos*, 93 Hawai'i 502, 507, 6 P.3d 374, 379 (App. 2000) (quoting *State v. Balberdi*, 90 Hawai'i 16, 20-21, 975 P.2d 773, 777-78 (App. 1999)).

Under the plain view doctrine, "the view takes place *after* an intrusion into activities or areas as to which there is a reasonable expectation of privacy. The officer has already intruded, and, if his [or her] intrusion is justified, the objects in plain view, sighted inadvertently, will be admissible." *State v. Meyer*, 78 Hawai'i, 308, 312-13, 893 P.2d 159, 163-64 (1995) (alteration in original) (quoting *State v. Kaaheena*, 59 Haw. 23, 28, 575 P.2d 462, 466 (1978)). In a plain

---

[7]    From the August 25, 2016 Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Suppress Evidence and Statement, Young challenges Findings of Fact ("FOF") 7 and 8, as clearly erroneous, and Conclusions of Law ("COL") 5, 15, 16, and 20, as wrong, but fails to provide any argument to support his challenge that these findings were clearly erroneous and that these conclusions were wrong.

view observation, a "search" has not occurred in the constitutional sense and a defendant cannot claim that he had a reasonable expectation of privacy. *Meyer*, 78 Hawai'i at 312, 893 P.2d at 163. The following three factors are required to justify a plain view observation: "(1) prior justification for the intrusion; (2) inadvertent discovery; and (3) probable cause to believe the item is evidence of a crime or contraband." *Id.* at 314, 893 P.2d at 165 (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 465-73 (1971)). All three factors are present here.

First, there was prior justification in the form of the traffic stop and subsequent arrest for an outstanding warrant. The Circuit Court found that Officer Davis "observed a moped driving in front of him with a broken taillight and conducted a *permissible traffic stop* as a result of the violation[,]" (FOF 1) and concluded that the permissible traffic stop constituted a prior justification for the intrusion (COL 19). (Emphasis added.) Young does not address this finding or conclusion; therefore, we are bound by them. *See State v. Torres*, 125 Hawai'i 382, 398, 262 P.3d 1006, 1022 (2011) (ruling that "Petitioner did not challenge any of the findings of the court, and, therefore, such findings are binding on this court."); *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Hawai'i 286, 303 n.10, 141 P.3d 459, 476 n.10 (2006) ("It is axiomatic that '[i]f a finding is not properly attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid.'" (quoting *Kawamata Farms, Inc. v. United Agri Prod.*, 86 Hawai'i 214, 252, 948 P.2d 1055, 1093 (1997))).

Second, evidence supports the conclusion that the discovery of drugs and paraphernalia was inadvertent. Officers Davis, Brissett, and Farley testified that they observed by means of Young's own volition, Young placed the pill bottle containing what appeared to be drug paraphernalia and a crystalline substance inside the seat compartment. Officer Brissette further testified that after Young dropped the prescription bottle into the seat compartment, Young did not close the compartment, Officer Brissette did not order him to open the compartment again, and the bottle was not wrapped in a rag.

Although Young testified to the contrary, the Circuit Court found the officers' testimonies to be credible:

> Officer Farley credibly testified that he watched Defendant with the aid of streetlights and a flashlight and saw Defendant remove a pill bottle from the moped's front storage area. Defendant then tried to cover the pill bottle with a rag but Officer Farley was able to see inside the pill bottle before it was covered and placed in the seat compartment. Officer Farley observed two (2) glass pipes with bulbous ends as well as a clear plastic baggie containing a crystalline-like substance inside of the container.

The Circuit Court thereafter concluded that the translucent case being brought out of the moped by Young led the officers to make an inadvertent discovery (COL 19).

Although Young challenges FOF 7, he provides no express argument as to why this finding was clearly erroneous. This finding is a credibility determination by the Circuit Court, and therefore we will not disturb it on appeal. *See Mattiello*, 90 Hawai'i at 259, 978 P.2d at 697 ("[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact]." (citation and internal quotation marks omitted)); *Gaston*, 108 Hawai'i at 311, 119 P.3d at 619 ("The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence." (citation and internal quotation marks omitted)). Taken together, the testimonies of Officer Davis, Officer Brissette, and Officer Farley support the Circuit Court's finding that the officers inadvertently saw the drugs and paraphernalia inside the prescription bottle as Young was moving the prescription bottle from the front compartment to the seat compartment of the moped.

Third, at the hearing on Young's Motion to Suppress, all three HPD officers testified that they had training and experience with illegal drugs and drug paraphernalia. Taken together, the experience and training of Officer Davis, Officer Farley, and Officer Brissette with drugs and drug paraphernalia supported a finding that the officers had probable cause to believe that the glass pipes and crystalline substance inside the prescription bottle were evidence of a crime or contraband. *See*

10

*State v. Phillips*, 138 Hawai'i 321, 346, 382 P.3d 133, 158 (2016) (citing *State v. Groves*, 65 Haw. 104, 114, 649 P.2d 366, 373 (1982) (relying on a police officer's experience and expertise to establish probable cause)) (determining that a search warrant application based, in part on, an officer's affidavit describing her experience, training, and qualifications was supported by probable cause).

Based on the aforementioned, the record indicates that the three factors required to justify a plain view observation were present at the time the HPD officers discovered the prescription bottle and the drugs and drug paraphernalia therein, and subsequently that a "search" in the constitutional sense did not occur. *See Meyer*, 78 Hawai'i at 314, 893 P.2d at 165 (citing *Coolidge*, 403 U.S. at 465-73). Young therefore fails to show that the Circuit Court erred in denying the Motion to Suppress.

Therefore, the December 1, 2016 Judgment of Conviction and Probation Sentence of the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 16, 2018.


On the briefs:

Shawn A. Luiz
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge

11